STATE *ex rel.* RICE, ATTY. GEN., *v.* STIRLING *et al.*

(In Banc. Feb. 11, 1946.)

[24 So. (2d) 776. No. 36037.]

556

Greek L. Rice, Attorney General, by W. B. Fontaine, Assistant Attorney General, for appellant.

**Alexander & Alexander,** of Jackson, for appellees.

558

Argued orally by **W. B. Fontaine**, for appellant, and by **Jas. A. Alexander**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellees are trustees of a trust estate created by the will of W. H. Tribette, deceased, and this is a proceeding by the Attorney General to collect from them income tax alleged to be due by them as trustees of this estate for the years 1924 to 1942, inclusive. In accordance with a provision of the will by which this trust was created the income therefrom is distributed annually to a large number of beneficiaries, only a few of whom reside in the State of Mississippi. The question for decision is whether the tax on this income should be paid by the trustees, or by the beneficiaries of the trust to whom the income must be distributed.

Chapter 132, Laws 1924, and its amendments now appearing as section 9220 et seq., Code 1942, provides for an annual income tax "upon the entire net income of every . . . trust or estate" and that the tax imposed "shall apply to the income of estates of any kind or property held in trust." Unlike its Federal counterpart, this statute does not expressly provide by whom the tax on income of the character here under consideration shall be paid; that is, whether by the trustee or by the beneficiary. But paragraph (d) of subsection 2, section 14, chapter 132, Laws 1924, provides that "(2) There shall be deducted from the net income of the taxpayers, the following exemptions: . . . (d) In the case of a corporation or association, taxable under this act, there shall be allowed a personal exemption of one thousand dollars. Provided, however, that whenever the entire

income from any trust or trust estate is required by the terms of the will or instrument of writing creating .the trust, to be distributed annually or at regular period of less than one year, to the beneficiaries, and wherever the trust or trust estate is being administered by the court and the income from said trust or trust estate is to be distributed upon the order of the court, then the same exemptions, deductions and credits shall be allowed such beneficiaries as are by this act allowed to individuals. In any event, however, the fiduciary shall be charged with the duty of making the return for his trust or trust estate.''

This proviso assumes that the income of a trust estate that is distributed annually to the beneficiaries thereof, shall be taxed to the beneficiaries and not the trustee and provides for the allowance of exemptions, deductions and credits to the beneficiaries. It would be meaningless if the Legislature intended that this tax should be paid by the trustee and it must be given some effect, if possible. The pertinent portion of section 23 of the same statute in which this proviso appears (section 23 of Chapter 132, Laws 1924, now appearing as section 9241, Code 1942) is as follows: ''Information at the source— . . . fiduciaries . . . having the control, receipt, custody, disposal or payment, of . . . income, amounting to six hundred dollars or over, paid or payable during any year to any taxpayer shall make complete returns thereof under oath to the commissioner, under such regulations and in such form and manner and to such extent as may be prescribed by the commissioner with the approval of the governor; and unless such income is so reported, the commission may dis-allow such payments as deductions or credits in computing the tax of the payor.''

This section, the requirement of which was each year complied with by the appellees, seems to indicate that the assumption in the above proviso is correct, and since to so construe the statute would do no violence to

it, and would make effective what is clearly the legislative intent, we have no hesitancy in holding that income of the character here under consideration must be taxed to the beneficiary thereof and not to the trustee.

. Paragraph (d), subsection 2, of section 14, chapter 132, Laws 1924, was amended by section 2(e), chapter 123, Laws 1940, so as to read as follows: "In the case of a corporation or association taxable herein, there shall be allowed no specific exemption," leaving out, and therefore repealing, the proviso hereinbefore quoted from the original section.

The effect of the repeal of this proviso is to withdraw the benefit conferred by it on beneficiaries of trust income of this character insofar as that benefit depends on the proviso and its repeal in no way affects the construction of the statute, which as to the question here under consideration means today what is meant when first enacted.

The decree of the court below being in accordance herewith will be affirmed.

**Alexander, J.,** took no part in this decision.